UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 22-cr-20192/BLOOM

UNITED STATES OF AMERICA,

    Plaintiff,

v.

JOHN BURROUGHS,

    Defendant.
_____/

### ORDER ON MOTION *IN LIMINE*

**THIS CAUSE** is before the Court upon the United States of America's (the "Government") Motion *in Limine* ("Motion"), ECF No. [77]. Defendant John Burroughs ("Defendant") filed a Response ("Response"), ECF No. [81]. The Court has reviewed the Motion, the opposing submission, the record in this case, and is otherwise fully advised. For the reasons that follow, the Motion is granted.

**I.   BACKGROUND**

Defendant was charged by Indictment that he knowingly possessed a firearm and ammunition, with the knowledge that he had previously been convicted of a felony, in violation of 18 U.S.C. § 922(g)(1) and 18 U.S.C. § 924(e)(1). ECF No. [3] at 1. On January 19, 2023, the Government filed its Superseding Indictment, alleging that Defendant "has three previous convictions by any court referred to in Section 922(g)(1) of Title 18 for a violent felony or a serious drug offense, or both, committed on occasions different from one another." ECF No. [18] at 1. The firearm and ammunition from the charged offense were found pursuant to a valid arrest warrant and search as Defendant was under investigation for a shooting that occurred on May 18, 2020. ECF No. [77] at 1. All charges brought against Defendant by the Miami Dade County State

Attorney's Office for the May 18, 2020 shooting were dismissed on September 15, 2021. *State of Florida v. John Burrough*s, Case No. 13-2020-CF-007469-0001, ECF No. [81] at 2. The charged offense, felon in possession of a firearm and ammunition, is proceeding to trial.

The Government's Motion seeks the following pretrial rulings: (1) permission to introduce evidence as to how Defendant became (a) the subject of a criminal investigation that occurred a few days before his arrest, (b) introduction of the valid arrest warrant seeking his arrest, and (c) that law enforcement located and arrested him through that investigation; (2) permission to elicit and introduce testimony from a witness who saw Defendant in possession of the firearm, that the witness and Defendant discussed firearms, and "Defendant's possession and use of that firearm in criminal activity on May 18, 2020;" (3) that "Defendant be precluded from presenting evidence or argument regarding his health, age, potential punishment, and potential effect of any conviction or punishment on himself or his family;" and (4) that Defendant be precluded from introducing self-serving statements "such as statements that may constitute inadmissible hearsay." ECF No. [77] at 1.

Defendant objects to the Government introducing any statement with respect to an arrest warrant as lacking in evidentiary value and relevance. ECF No. [81] at 3. However, Defendant does not object to a less prejudicial statement that law enforcement was present as part of an "investigation." *Id*. Next, Defendant argues the Government should not be permitted to introduce testimony from its witness regarding the events of May 18, 2020, as the charges brought against Defendant for criminal activity on that day were dismissed. *Id*. at 6. The Defendant contends that witness J.G. has made inconsistent statements, and the introduction of her testimony would result in a "trial within a trial" that would confuse the jury and be unduly prejudicial to Defendant. *Id*. at

6. Defendant did not respond to the Government's request to preclude him from making statements or arguments about his health or potential sentencing, and to preclude him from introducing self-serving statements.

## II.   LEGAL STANDARD

### A.  Motions *in Limine*

A motion *in limine* asks the Court "to exclude anticipated prejudicial evidence before the evidence is actually offered." *Luce v. United States*, 469 U.S. 38, 40 n.2 (1984). "A motion *in limine* is made before a trail has begun for the purpose of excluding or including certain evidence." *Ramones v. Experian Info. Servs.*, No. 19-62949-Civ-Scola, 2021 WL 4050874, at *4 (S.D. Fla. Sept. 3, 2021) (citation omitted). "The purpose of a motion *in limine* is to give the trial judge notice of the movant's position in order to avoid the introduction of damaging evidence, which may irretrievably affect the fairness of the trial." *Id*. Courts only have the power to exclude evidence *in limine* if that evidence is "clearly inadmissible on all potential grounds." *Id*. During trial, "the district judge is free, in the exercise of sound judicial discretion, to alter a previous *in limine* ruling." *Luce*, 469 U.S. 41–42.

While irrelevant evidence is never admissible, "[r]elevant evidence is admissible" unless the Constitution, a federal statute, the Federal Rules of Evidence, or another rule made by the Supreme Court provides otherwise. Fed R. Evid. 402. According to Rule 401, evidence is "relevant" if "it has any tendency to make a fact more or less probable than it would be without the evidence" and "the fact is of consequence in determining the action." Fed R. Evid. 401.

Under Rule 403, "[t]he court may exclude relevant evidence if its probative value is substantially outweighed by a danger of one or more of the following: unfair prejudice, confusing

the issues, misleading the jury, undue delay, wasting time, or needlessly presenting cumulative evidence." Fed R. Evid. 403. The Eleventh Circuit Court of Appeals has "long said that Rule 403 'is an extraordinary remedy which should be used sparingly, and, indeed, the trial court's discretion to exclude evidence as unduly prejudicial is narrowly circumscribed.'" *United States v. McGregor*, 960 F.3d 1319, 1324 (11th Cir. 2020) (quoting *United States v. Cross*, 928 F.2d 1030, 1051 (11th Cir. 1991)). Rule 403's "major function . . . is limited to excluding matter of scant or cumulative probative force, dragged in by the heels for the sake of its prejudicial effect." *United States v. Grant*, 256 F.3d 1146, 1155 (11th Cir. 2001). When resolving a challenge based on Rule 403, the district court "must 'look at the evidence in a light most favorable to admission, maximizing its probative value and minimizing its undue prejudicial impact.'" *Id*. (quoting *Aycock v. R.J. Reynolds Tobacco Co*., 769 F.3d 1063, 1069 (11th Cir. 2014)).

"In fairness to the parties and their ability to put on their case, a court should exclude evidence *in limine* only when it is clearly inadmissible on all potential grounds." *United States v. Gonzalez*, 718 F. Supp. 2d 1341, 1345 (S.D. Fla. June 10, 2010). "The movant has the burden of demonstrating that the evidence is inadmissible on any relevant ground." *Id*. "Unless evidence meets this high standard, evidentiary rulings should be deferred until trial so that questions of foundation, relevancy, and potential prejudice may be resolved in proper context." *In re Seroquel Prods. Liab. Litig*., Nos. 6:06-md-1769-Orl-22DAB, 6:07-cv-15733-Orl-22DAB, 2009 WL 260989, at *1 (M.D. Fla. Feb. 4, 2009).

"In light of the preliminary or preemptive nature of motions *in limine*, 'any party may seek reconsideration at trial in light of the evidence actually presented and shall make contemporaneous objections when evidence is elicited.'" *Holder v. Anderson*, No. 3:16-CV-1307-J-39JBT, 2018

WL 4956757, at *1 (M.D. Fla. May 30, 2018) (quoting *Miller ex rel. Miller v. Ford Motor Co.*, No. 2:01CV545FTM-29DNF, 2004 WL 4054843, at *1 (M.D. Fla. July 22, 2004)); *In re Seroquel.*, 2009 WL 260989, at *1 ("The court will entertain objections on individual proffers as they arise at trial, even though the proffer falls within the scope of a denied motion *in limine*." (citing *United States v. Connelly*, 874 F.2d 412, 416 (7th Cir. 1989)).

### III.  DISCUSSION

#### A. Introduction of the Context and Setup of Defendant's Arrest

The Government seeks to introduce evidence that Defendant was identified as a suspect in an investigation for criminal activity that occurred on May 18, 2020. ECF No. [77]. The Government argues that the "evidence will be limited to the simple fact that the Defendant was a suspect of a criminal investigation [and that] because he was a suspect of that criminal investigation, law enforcement was looking for him." ECF No [77] at 5-6. The Government maintains that it does not seek to add the term "serious" to modify the investigation, and "it does not seek to introduce any specific evidence about the underlying shooting" "or any other flavor of [the] particular crime." *Id*. at 5.

Defendant has "no objection to the United States bringing out they were there in furtherance of an investigation." ECF No. [81] at 3. While Defendant objects to statements pertaining to the arrest warrant, or other information about why law enforcement conducted the search, Defendant reasons a "simpler less prejudicial statement can be introduced relating to an investigation that led them there." *Id*.

The Court agrees that the Government may introduce that Defendant was the subject of an investigation and finds that *United States v. Smith*, 239 Fed. App'x 541 (11th Cir. 2007) is

persuasive. In *Smith*, a defendant appealed his conviction under 18 U.S.C. § 922(g)(1) and argued that the district court erred in admitting evidence that an ongoing investigation linking the gun he possessed on the day of his arrest to a "serious crime." *Id*. at *2. The defendant argued that such information was "irrelevant and highly prejudicial" and was made more prejudicial by permitting trial testimony that the investigation involved a shooting. *Id*. The Eleventh Circuit held "testimony of the ongoing surveillance was relevant to explain to the jury the large scope of the police pursuit." *Id*. The Eleventh Circuit also determined that while the testifying officer violated a court order by mentioning "that the serious crime under investigation was a shooting" any undue prejudice was minimized by the district court's curative jury instructions that the defendant was "not under investigation for a shooting" and the lack of evidence to indicate that Smith was previously involved in a shooting. *Id*. Similarly, the evidence provides the appropriate context. In *United States v. Joseph*, 978 F.3d 1251 (11th Cir. 2020), another case relied on by the Government, the Eleventh Circuit has held such evidence is "inextricably intertwined" with the evidence of the charged offense if it forms an "integral and natural part of the witness's accounts of the circumstances surrounding the offenses for which the defendant was indicted." *Id*. at 1263 (quoting *United States v. Edouard*, 485 F.3d 1324, 1344 (11th Cir. 2007) (quotation marks omitted)).

Defendant is this case was under investigation, and through that investigation, a firearm was found beside him when the priority response team conducted its search pursuant to the arrest warrant. ECF No. [77] at 3. The Government avers it will not use the term "serious" to describe or modify the investigation in this case, will not introduce "any specific evidence about the details of the underlying shooting" and thus argues the evidence it intends to introduce is more mild and less prejudicial than the explanation provided to the jury in *Smith*. ECF No. [77] at 5.

6

Defendant relies on *United States v. McMillar*, CR423-090, 2024 WL 1337889 (S.D. Ga. Mar. 28, 2024) to argue that introduction of evidence with no ultimate arrest or prosecution is inadmissible. However, that reliance is misplaced. ECF No. [81] at 5. In *McMillar*, the court declined to introduce evidence of a shooting "with no victims, no suspects, and no arrests" that occurred a quarter mile away from the defendant. The court noted that the government never alleged *any* connection of that event to the defendant for his charged offense; thus, the evidence was barred as extrinsic evidence under Rule 404(b). 2024 WL 1337889 at *4. The court determined that the lack of connection to the defendant precluded the evidence, not lack of a victim, suspect, or an arrest.

Instead, *McMillar* lends support to the Government's Motion as it held that inextricably intertwined evidence "includes testimony which explains how the defendant came to be a suspect in the charged crime." *Id*. at *6. *McMillar* relied on the Eleventh Circuit's holding in *United States v. Flowers*, 531 Fed. App'x 975 (11th Cir. 2013) that "testimony which explains how the defendant came to be a suspect in the charged crime" may be properly admitted at trial as inextricably intertwined evidence. *McMillar*, 2024 WL 1337889 at *6 (quoting 531 Fed. App'x at 978). *Flowers* is analogous to this case. The defendant in *Flowers* was initially a suspect in a robbery-homicide. 531 Fed. App'x at 978. An investigation commenced and law enforcement obtained a search warrant. *Id.* at 977. While searching Flowers' home pursuant to the search warrant, law enforcement discovered a firearm and ammunition. *Id*. Flowers, a convicted felon, was charged with possession of a firearm pursuant to 18 U.S.C. § 922(g)(1). *Id*. Although a different person eventually confessed and was convicted of the robbery-homicide, "and police cleared Flowers of all involvement," as with Defendant, charges against Flowers pursuant to § 922(g)(1) proceeded

7

to trial. *Id*. Flowers appealed and argued that the evidence, under which he was the subject of the investigation, was inadmissible extrinsic evidence and should have been excluded under Fed. R. Evid. 403 and 404(b). *Id*. at 983. The Eleventh Circuit determined the "testimony that Flowers initially was a suspect in the robbery-homicide. . . . was inextricably intertwined with the facts of the firearm-possession case and was needed to explain basic facts, such as why the police searched Flowers's home, " and it was not plain error to admit this evidence at trial. *Id*. at 984 (citing *United States v. McClean*, 138 F.3d 1398, 1403 (11th Cir. 1998)). Similar to the holding in *Smith*, *Millar* and *Flowers* support the Government's Motion to permit the introduction of evidence regarding the context and setup of Defendant's arrest even though the charges were eventually dropped for the criminal activity on May 18, 2020.

As Defendant concedes, the Government "has the ability to explain the events leading up to his arrest on May 22, 2020, by what can only be called a SWAT unit." ECF No. [81] at 3. Given this concession, any risk of undue prejudice is reduced. *Flowers*, 531 Fed. App'x at 984 ("Given Flowers's stipulation [that he was initially a suspect in the robbery-homicide], it is hard to see how he was prejudiced, much less unduly prejudiced" by testimony that he was a suspect). Moreover, Defendant has failed to provide legal authority to support his argument that the Government is barred from introducing evidence that there was an arrest warrant. Since all charges were dropped against Defendant in the state case, jury instructions are likely to minimize any risk of undue prejudice to Defendant. Critically, the Government represents it intends to limit evidence to the simple fact that the Defendant was a suspect of a criminal investigation which was why law enforcement was looking for him. ECF No. [77] at 5-6. Defendant has failed to show why this

evidence would be "inadmissible on all potential grounds." *United States v. Gonzalez*, 718 F. Supp. 2d 1341, 1345 (S.D. Fla. June 10, 2010).

Accordingly, the Government may introduce evidence of the context and set up of Defendant's arrest and evidence that he was the suspect in an investigation at trial because both are inextricably intertwined with the charged offense, felon in possession of a firearm and ammunition, and necessary to complete the story of the crime. The Government's motion *in limine* on this issue is granted.

### B. Testimonial Evidence from J.G., the Government's Witness

The Government moves to elicit and introduce evidence through the testimony of its witness, J.G. ECF No. [77] at 6. The Government anticipates that J.G. will testify that she saw Defendant with a firearm similar to the one recovered by law enforcement (a loaded pistol with an extended magazine) and potentially other firearms. *Id*. Additionally, the Government anticipates J.G. will testify that she asked Defendant, who was a guest in her home, to hide the firearm from her children and saw him wrap the firearm in a white shirt and place it in the room where he stayed which is the same room in which he was later apprehended in by law enforcement. *Id*. at 7. The Government argues this testimony is admissible as direct evidence, is relevant, and her testimony regarding Defendant's general possession and use of the firearm and ammunition is not barred by Fed. R. Evid. 404(b). *Id*. Furthermore, as *mens rea* is an element of the charged offense, the Government contends that her testimony is necessary to rebut potential evidence that Defendant's possession of the firearm was unknowing given law enforcement entered the home while he was likely asleep. ECF No. [77] at 8. Furthermore, because the jury will see the video of armed law

enforcement entering J.G.'s home to arrest Defendant, and will learn that he is a convicted felon, the Government argues "there is no risk of unfair prejudice here" through her testimony. *Id*.

Defendant responds that J.G. has made inconsistent statements reading the events of May 18, 2020, throughout the course of the investigation, and *any* testimony from J.G. about statements Defendant made should be precluded. ECF No. [81] at 5. Defendant also argues that J.G. has had a challenging life "which counsel would be required to litigate." *Id*. at 5-6. Further, Defendant reasons the state case against Defendant was dismissed; thus, litigating allegations with respect to the events of May 18, 2020 is akin to conducting a "trial within a trial," would confuse the jury, and be unduly prejudicial to defendant. *Id*. at 6. Defendant seeks to preclude all testimony from J.G.

The Government's case law is persuasive. In *United States v. Burke*, 521 Fed. App'x 720 (11th Cir. 2013), a defendant appealed his conviction and argued the district court abused its discretion in permitting his former girlfriend's testimony that he "stays strapped, meaning he's protected no matter where he goes" and that he discharged a firearm twice in her presence. *Id*. at 724. The defendant argued this was improper character evidence in violation of Fed. R. Evid. 404(b). The Eleventh Circuit disagreed and stated "the testimony was permissible to show that Burke had knowingly and intentionally possessed a firearm in the past and knew how to discharge a firearm. This was relevant to his firearm and ammunition charges" and admitting this Rule 404(b) evidence was not an abuse of discretion. *Id*. The former girlfriend's testimony was also not found to be unduly prejudicial. *Id*.

*Burke* cited to another case, *United States v. Jernigan*, 341 F.3d 1273 (11th Cir. 2003). In *Jernigan*, the Eleventh Circuit observed that, with respect to *mens rea* and firearm possession, "the

caselaw in this and other circuits establishes clearly the logical connection between a convicted felon's knowing possession of a firearm at one time and his knowledge that a firearm is present at a subsequent time." *Id*. at 1281. Consequently, J.G.'s testimony regarding whether Defendant knowingly possessed a firearm prior to the night of the search is admissible. *See also United States v. Carlisle*, 173 Fed. App'x 796, 801 (11th Cir. 2006) ("evidence of a defendant's prior possession of the gun was admissible because it showed intent to possess the gun and that the defendant had the requisite state of mind to be convicted of violating § 922(g).") (cleaned up); *Id*. at 803 ("A similarity between the other act and the charged offense will make the other offense highly probative with regard to a defendant's intent in the charged offense.") (quoting *United States v. Ramirez*, 426 F.3d 1344, 1354 (11th Cir.2005)).

Defendant's contention that J.G. made inconsistent statements is not a basis to preclude her testimony. ECF No. [81] at 5-6. Defendant has not cited to any statements nor any legal authority for support of his argument. Instead, it is a long-standing rule that "a witness's credibility goes to the weight of the evidence — not admissibility." *Zaccone v. Ford Motor Company*, Case No. 2:15-cv-287-FtM-38CM, 2017 WL 11532918 (M.D. Fla. Apr. 17, 2017); *see Tippens v. Celotex Corp.*, 805 F.2d 949, 954 (11th Cir. 1986) ("Issues concerning the credibility of witnesses and weight of the evidence are questions of fact which require resolution by the trier of fact.").

Defendant's argument that J.G.'s testimony is unnecessary to establish Defendant's *mens rea* given the video footage is also without merit. A conviction under 18 U.S.C. § 922(g) *requires* the government to prove that: "(1) the defendant *knew* that he possessed (2) a firearm (3) that had travelled in interstate commerce (4) with knowledge of his status as one prohibited from possessing a firearm." *United States. v. Byron*, No. 22-12022, 2023 WL 8627839, at *6 (11th Cir. 2023)

(emphasis added) (citations omitted). Defendant has provided no authority that the Government should be constrained to use of the video evidence alone to establish Defendant's *mens rea*. This Court has recognized that "a litigant who fails to press a point by supporting it with pertinent authority. . . forfeits the point." *Melford v. Kahane & Assocs.*, 371 F. Supp. 3d 1116, 1126, n.4 (S.D. Fla. 2019) (citations omitted). Defendant has done that here and has also failed to show why this evidence would be "inadmissible on all potential grounds." *United States v. Gonzalez*, 718 F. Supp. 2d 1341, 1345 (S.D. Fla. June 10, 2010).

Consequently, the Government may introduce the testimony from J.G. at trial and the Motion is granted.

### C. Evidence of Defendant's Health and the Effects of a Potential Conviction

The Government moves *in limine* to preclude Defendant from introducing evidence with respect to his health, age, any potential punishment, or how such punishment may affect his family. ECF No. [77] at 9. The Government argues such references are inadmissible, a transparent attempt to elicit juror sympathy, and against the Eleventh Circuit Model Jury Instructions. *Id*. The Government points out that the Supreme Court has held providing sentencing information to a jury leads to confusion, distracts from the job of fact-finder, and invites a jury to contemplate issues "not within their province." *Shannon v. United States*, 512 U.S. 573, 579 (1994).

Defendant has not responded to this portion of the Government's Motion. Given the lack of response, the Court construes the Government's Motion as unopposed. *See White v. GM Law Firm, LLC*, Case No. 21-80896-CIV-Singhal, 2024 WL 1861117, at *4 (S.D. Fla. Apr. 29, 2024). Consistent with the Local Rules of the United States District Court for the Southern District of Florida, failure to respond to a motion through an opposing memorandum of law "may be deemed

sufficient cause for granting the motion by default." S.D. Fla. L.R. 7(c)(1). *See also Argo v. Gregory*, No. CV 212–213, 2014 WL 6668214, at *1 (N.D. Ga. Nov. 24, 2014) (failure to respond to a motion *in limine* "shall indicate that there is no opposition[.]"). Accordingly, the Government's Motion is granted.

### D. Self-Serving Statements

The Government moves to preclude certain post-arrest statements Defendant made claiming that "he was not aware of the gun in this case, that he did not know that the gun was near him, and that the gun was planted by others allegedly involved in the underlying shooting," and "that the gun recovered in this case is not the gun that he used in the underlying shooting" that gave rise to the charged offense. ECF No. [77] at 11. The Government argues those self-serving statements are only admissible if made in the Government's case in chief or used in rebuttal. *Id*. The Government contends the statements are inadmissible whether made by Defendant or elicited by defense counsel in direct or cross examination of any witness. *Id*.

The Government cites to *United States v. Cunningham*, 194 F.3d 1186 (11th Cir. 1999), which held that exculpatory statements made at the time of a defendant's arrest cannot be introduced without the defendant being subjected to cross-examination. *Id*. at 1199 (citing *United States v. Willis*, 759 F.2d 1486, 1502 (11th Cir. 1985)). The Government further argues a defendant "may not introduce his own exculpatory statement through another witness without subjecting himself to cross examination." *United States v. Vernon*, 593 Fed. App'x 883, 890 (11th Cir. 2014) (citing *Cunningham*, 194 F.3d at 1199).

Defendant does not respond. Given the lack of response, the Court construes the Government's Motion as unopposed. *See White v. GM Law Firm, LLC*, Case No. 21-80896-CIV-

SINGHAL, 2024 WL 1861117, at *4 (S.D. Fla. Apr. 29, 2024). Consistent with the Local Rules of the United States District Court for the Southern District of Florida, failure to respond to a motion through an opposing memorandum of law "may be deemed sufficient cause for granting the motion by default." S.D. Fla. L.R. 7(c)(1). *See also Argo v. Gregory*, No. CV 212–213, 2014 WL 6668214, at *1 (N.D. Ga. Nov. 24, 2014) (failure to respond to a motion *in limine* "shall indicate that there is no opposition[.]"). Accordingly, the Government's Motion on this issue is granted.

## IV. CONCLUSION

Accordingly, it is **ORDERED AND ADJUDGED** that Government's Motion *in Limine*, **ECF No. [77],** is **GRANTED.**

**DONE AND ORDERED** in Chambers at Miami, Florida, on September 30, 2024.

_____
**BETH BLOOM**
**UNITED STATES DISTRICT JUDGE**

cc:    counsel of record